UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENDALL THORNTON,

Petitioner,

v.

GENESEE COUNTY SHERIFF OFFICE, ET
AL.,

Respondents.

_____/

Case No. 22-cv-10252

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## OPINION AND ORDER DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS [#1], DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Kendall Thornton is incarcerated at the Genesee County Jail in Flint, Michigan. ECF No. 1. He seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Id.* For the following reasons, the petition for writ of habeas corpus is **DISMISSED** without prejudice.

The petition must be dismissed because Petitioner filed a boilerplate petition for writ of habeas corpus that fails to specify whether he has been convicted of any offense, nor has Petitioner alleged any facts which show that he is being detained in violation of the federal constitution.

1

A petition for a writ of habeas corpus must allege facts that establish a cause of action under federal law or a court may summarily dismiss it. *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). "[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996) (internal citations omitted). Federal courts shall also dismiss any habeas petition that is legally insufficient on its face. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, indicated a long time ago that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini*, 424 F.3d 134, 140 (6th Cir. 1970). A district court therefore shall screen out any habeas corpus petition which is meritless on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

Petitioner filed a habeas petition that appears to raise the following claims: (1) the Fifth Amendment states that no person shall be required to answer for a crime unless an indictment has been issued by a grand jury, (2) the State of Michigan does not have jurisdiction to prosecute him, (3) the State of Michigan violates the Supremacy and the Privileges and Immunities Clauses of the Federal Constitution by not affording its citizens the same constitutional rights that are granted to citizens in other states, (4) petitioner's current incarceration is in violation of the 13th Amendment's prohibition on involuntary servitude, and (5) the charges against him are fraudulent and illegal.  ECF No. 1, PageID.2–5.  Petitioner does not indicate whether he has been convicted of any criminal charges, nor does he state any facts which would support his claims that his detention is unconstitutional.

Conclusory allegations in a habeas petition, without evidentiary support, do not provide a basis for habeas relief.  *Payne v. Smith*, 207 F. Supp. 2d 627, 650 (E.D. Mich. 2002).  A mere "boiler-plate assertion" that a petitioner's conviction contains some unspecified flaw does not equate to a valid claim that a federal district court should research and consider.  *See Gardner v. Norris*, 949 F. Supp. 1359, 1368 (E.D. Ark. 1996).

Dismissal of a habeas petition under Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 "is appropriate when a petition and

accompanying pleadings are unintelligible and a court is unable to determine what alleged errors of fact or law are at issue for adjudication." *Arega v. Warden, Chillicothe Corr. Inst.*, 347 F. Supp. 3d 359, 361 (S.D. Ohio 2018); *R. & R. adopted*, 347 F. Supp. 3d 359 (S.D. Ohio. 2018).   Although Petitioner alleges a number of constitutional provisions have been violated, he fails to allege any facts that support those claims.   Petitioner's habeas petition is also deficient because he does not identify the state court that convicted him, the date of his conviction, nor the offenses for which he was convicted.   Petitioner also does not allege facts about how any state court conviction that he seeks to challenge violated the United States Constitution or federal law.   *Id.*   "The petition in this case, even liberally construed, alleges no facts at all, let alone facts that would support a claim that Petitioner was convicted in violation of the Constitution or laws of the United States."   *Id.*   The current petition is subject to dismissal because it is incoherent and unintelligible.   *See id.*, *see also Edwards v. Johns*, 450 F. Supp. 2d 755, 756 (E.D. Mich. 2006).

The Court will summarily dismiss the petition for writ of habeas corpus. The Court will also deny a certificate of appealability.   In order to obtain a certificate of appealability, an inmate must make a substantial showing of the denial of a constitutional right.   28 U.S.C. § 2253(c)(2).   To demonstrate this denial, the petitioner must show that reasonable jurists could debate whether, or

agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court denies petitioner a certificate of appealability because his petition is unintelligible. *See e.g.*, *Arega*, 347 F. Supp. 3d at 360. The Court will also deny Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## V. CONCLUSION

For the reasons discussed above, Mr. Thornton's petition for a writ of habeas corpus [#1] is DENIED.

IT IS FURTHER ORDERED that the Court DECLINES to issue a certificate of appealability because Mr. Thornton has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is DENIED.


**IT IS SO ORDERED.**


Dated:  June 22, 2022                     /s/ Gershwin A. Drain
                                          GERSHWIN A. DRAIN
                                          UNITED STATES DISTRICT JUDGE



CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 22, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager